DANIELS *vs.* EDWARDS & DUKES *et al.*

1. Although a lease of certain turpentine lands was made in 1877, and was for three years only, the time at which it was to begin not being specifically stated, but enough being set out to show that the parties may have intended it to begin at the time the trees in each lot were boxed, there being many lots, in two counties, if the lessor saw the boxing being done in the year 1882, and not only did not object, but urged that it be done, equity will estop him from setting up an adverse construction of the instrument, in order

to turn out the lessees, who, under his urging, expended their labor and capital in preparing for the turpentine business.

2. If this were not so, the defendants are able to respond in damages under a judgment at law, and those damages are as ascertainable as in cases of trespass in destroying the cultivation of land for crops, or other similar business—the *quantum* of damages turning on the amount of damage done and the estimate thereof, in the opinion of witnesses expert in, or acquainted with, such operations.

3. The remedy at law to evict a tenant holding over is complete.

4. The chancellor decides upon controverted facts, on applications for injunction, and this court does not interfere.

Judgment affirmed.

September 18, 1883.

JACKSON, Chief Justice.

[Injunction was prayed to restrain defendants from trespassing on certain lands used for the manufacture of turpentine. Defendants claimed the right to use the lands under a lease, which they insisted had not expired. They also asserted their solvency. The injunction was refused, and complainant excepted.